**FILED**

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

DEC 10 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

| | |
|---|---|
| DENNIS WILSON, | ) |
| Plaintiff, | ) |
| VS. | ) CASE NO. CV 2004- 817 L |
| G&S CUSTOMER COVER, INC., | ) |
| KYM INDUSTRIES, INC., et al | ) |
| FICTITIOUS DEFENDANTS A, B, and C | ) |
| who are those individuals, and entities who are | ) |
| or who may be liable to Plaintiff for the conduct | ) |
| complained of herein; or who may be | ) |
| responsible for the damages alleged herein and | ) |
| whose names are unknown but who will be | ) |
| substituted by amendment when ascertained, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW THE PLAINTIFF in the above-styled cause, and files the following Complaint:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. The Plaintiff, Dennis Wilson, is of legal age, and is a resident and citizen of Houston County, Alabama.

2. Upon information and belief, the Defendant, G&S Customer Cover, Inc., (hereinafter referred to as "G&S") is a corporation qualified to do business in the State of Alabama, and at all times material hereto was doing business in Houston County, Alabama.

3. Upon information and belief, the Defendant, Kym Industries, Inc., (hereinafter referred to as "Kym Industries") is a corporation qualified to do business in the State of Alabama, and at all times material hereto was doing business in Houston County, Alabama, and is subject to this Court's jurisdiction.

4. Fictitious Defendants, A, B, and C are those individuals or entities who are or who may be liable to the Plaintiff for the conduct complained of herein or who may be responsible for the


EXHIBIT G

damages alleged herein.

5. This matter arises out of an on-the-job accident that occurred on or about November 18, 1999, while the Plaintiff was employed by the Defendant in Houston County, Alabama and the subsequent termination of Plaintiff's employment with the Defendant that occurred on or about December 20, 1999.

6. Further, in late November 1999, G&S fraudulently transferred assets to Kym Industries or in the alternative Kym Industries fraudulently assumed the assets of G&S.

## FACTUAL ALLEGATIONS

7. On or about November 18, 1999, the Plaintiff was an employee of the Defendant, G&S.

8. Upon information and belief, on or about November 18, 1999, the Plaintiff was injured while working in the line and course of his employment with Defendant, G&S.

9. The Plaintiff notified his immediate supervisor of the above-referenced injury.

10. Upon information and believe, at the time of said accident, Plaintiff's average weekly wage was approximately $230.00.

11. The Defendants were given timely and actual notice of said accident within the time specified by the Workers' Compensation Act of the State of Alabama.

12. Said notice connected the Plaintiff's work activity with his injury and thereby placed the Defendants on reasonable notice to investigate further.

13. As a result of the on the job injury, the Plaintiff suffered personal injury and damage, including, but not limited to his right lower extremity.

14. Subsequent to said injury the Plaintiff was caused to obtain medical treatment for his injury and he now suffers a permanent disability.

15. The Defendants have failed to pay all of the disability benefits and/or medical benefits to which the Plaintiff is entitled.

16. On or about December 20, 1999 after instituting and maintaining a workers' compensation claim, the Plaintiff was terminated.

17. Upon information and belief, subsequent to the on the job injury of the Plaintiff, the

Defendant Kym Industries scratched the name off of the building G&S inhabited and operated thereafter as Kym Industries until they moved the base of their operations sometime later.

18. The sole shareholder of Kym Industries, Inc., is Kym Morrison. Kym Morrison is married to Bruce Morrison, whose parents are James and Deloris Walker  Mr. and Mrs. Walker were the incorporators of G&S. The sole purpose of opening the business of G&S was to make tarps for Kym Industries to assist in the quality of products provided by Kym Industries.

19. On June 7, 2000 the Plaintiff filed a complaint alleging retaliatory discharge against the Defendant, G&S.

20. The Defendant G&S was properly served on September 28, 2000 via certified mail at the registered agent's address 2275 SW 53rd Avenue, Boca Raton, Florida and was signed by Kym Morrison, the owner and sole shareholder of Kym Industries.

21. The Defendant, G&S hired an attorney, A. Gary Jones, who represented it from January 3, 2001 until March 9, 2001, when he withdrew as counsel. During that time period the Defendant never filed an answer to the complaint.

22. On April 24, 2001 the Plaintiff filed a motion for default judgment, which was granted on April 27, 2001. Damages were assessed at $202,820.00 plus court costs of $200.00. The judgment was recorded at the Houston County Probate office on September 17, 2001 in Judgment Book 97, page 51.

23. On November 19, 2001, the Plaintiff filed a separate complaint against G&S for workers' compensation benefits.

24. The complaint was properly served upon the Defendant G&S.

25. The Defendant, G&S never filed an answer to the complaint and on May 17, 2002 a motion for default judgment was filed.

26. The Court granted the motion for default judgment on May 30, 2002. Damages were later assessed at $11,970.44 plus court costs of $149.00. The judgment was recorded in the Houston County Judge of Probate's office on February 4, 2004 in judgment book 103 page 513.

## COUNT ONE
## INTENTIONAL FRAUDULENT TRANSFER

27. Plaintiff adopts and re-alleges paragraphs 1-26 as if fully set out herein.

28. Kym Industries, Inc., is the successor entity in interest of G&S.

29. Subsequent to the on the job injury of the Plaintiff as alleged above, the Defendant Kym Industries scratched the name off of the building G&S inhabited and operated thereafter as Kym Industries.

30. Plaintiff alleges that there has been a continuity of the enterprise of G&S by Kym Industries including the retention of key personnel, assets, and general business operations.

31. Further the Plaintiff alleges that the assumption of assets, materials, equipment and employees of G&S by Kym Industries amounts to a de facto merger or consolidation of the two companies. Specifically, that G&S stopped operating under the name when the general manager quit and that Kym Industries simply retained all of G&S accounts, equipment, assets, and/or employees for its own use.

32. Plaintiff alleges that Kym Industries is a mere continuation of G&S and that the transaction or transfer of assets is a fraudulent attempt for G&S and/or Kym Industries to escape liability for Plaintiff's claims.

33. Plaintiff alleges that Kym Industries through its agents, employees, and representatives knew or should have known of the existence of Plaintiff's claim at the time the assets and property of G&S were conveyed to Kym Industries.

34. Plaintiff alleges that he has been defrauded by the actions of Kym Industries and/or G&S that Kym Industries and/or G&S intended to defraud the Plaintiff, and that the Plaintiff could have

used the assets of G&S, now assumed by Kym Industries, to satisfy all or part of the damages claimed.

35.   That the transfer or conveyance of assets and property of G&S to Kym Industries was made under such circumstances that the result hindered, defrauded, or delayed the ability of the Plaintiff to collect its debt.

36.   Due to the nature and relationship of the owners, managers, and incorporators of G&S and Kym Industries, as stated in paragraph 18 above, Kym Industries cannot prove a bona fide purchase of the assets and property of G&S nor can it be considered an innocent purchaser without notice of Plaintiff's claims.

37.   As a proximate result of the intentional fraudulent transfer of assets to Kym Industries the Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for all sums awarded in the civil cases of Dennis Wilson v. G&S Custom Covers, Inc., case # CV 2000-371-L and CV 2001-779-A. Plaintiff further demands judgment against the Defendants for an amount to be determined by a jury for all damages occurring as a result of Plaintiff's termination including compensatory and punitive damages; damages owed as a result of the workers' compensation claim, including payment of medical bills, double indemnity benefits pursuant to ALA. CODE §25-5-8(e), appropriate penalties and costs; and Plaintiff demands judgment against the Defendants for an amount to be determined by a jury for all damages that occurred as the result of the alleged fraudulent transfer.

## COUNT TWO
## CONSTRUCTIVE FRAUDULENT TRANSFER

38.   Plaintiff adopts and re-alleges paragraphs 1-37 as if fully set out herein.

39.   Kym Industries, Inc., is the successor entity in interest of G&S.

40. Subsequent to the on the job injury of the Plaintiff as alleged above, the Defendant Kym Industries scratched the name off of the building G&S, inhabited and operated thereafter as Kym Industries, Inc.

41. Plaintiff alleges that there has been a continuity of the enterprise of G&S by Kym Industries including the retention of key personnel, assets, and general business operations.

42. Further the Plaintiff alleges that the assumption of assets, materials, equipment and employees of G&S by Kym Industries amounts to a de facto merger or consolidation of the two companies. Specifically, that G&S stopped operating under the name when the general manager quit and that Kym Industries simply retained all of G&S accounts, equipment, assets, and/or employees for its own use.

43. Plaintiff alleges that Kym Industries is a mere continuation of G&S and that the transaction or transfer of assets is a fraudulent attempt for G&S and/or Kym Industries to escape liability for Plaintiff's claims.

44. Plaintiff alleges that Kym Industries through its agents, employees, and representatives knew or should have known of the existence of Plaintiff's claim at the time the assets and property of G&S was conveyed to Kym Industries.

45. Plaintiff alleges that he has been defrauded by the actions of Kym Industries and/or G&S that Kym Industries and/or G&S intended to defraud the Plaintiff, and that the Plaintiff could have used the assets of G&S, now assumed by Kym Industries, to satisfy all or part of the damages claimed.

46. That the transfer or conveyance of assets and property of G&S to Kym Industries was made under such circumstances that the result hindered, defrauded, or delayed the ability of the Plaintiff to collect its debt.

47. Due to the nature and relationship of the owners, managers, and incorporators of G&S and Kym Industries, as stated in paragraph 18 above, Kym Industries cannot prove a bona fide purchase of the assets and property of G&S nor can it be considered an innocent purchaser without notice of Plaintiff's claims.

48. Plaintiff alleges that he has been defrauded by the actions of Kym Industries, Inc.

49. Plaintiff alleges that G&S Custom Covers, Inc., owed a debt to the Plaintiff, that the assets of the G&S Custom Covers, Inc. would have satisfied all or part of the debt claimed by the Plaintiff, that the transfer of assets to Kym Industries, Inc., extinguished the ability for the Plaintiff to collect said claim, and that little or no valuable consideration was given to Kym Industries, Inc., for the property conveyed.

50. As a proximate result of the constructive fraudulent transfer of assets by Kym Industries, Inc., the Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for all sums awarded in the civil cases of Dennis Wilson v. G&S Custom Covers, Inc., case # CV 2000-371-L and CV 2001-779-A. Plaintiff further demands judgment against the Defendants for an amount to be determined by a jury for all damages occurring as a result of Plaintiff's termination including compensatory and punitive damages; damages owed as a result of the workers' compensation claim, including payment of medical bills, double indemnity benefits pursuant to ALA. CODE §25-5-8(e), appropriate penalties and costs; and Plaintiff demands judgment against the Defendants for an amount to be determined by a jury for all damages that occurred as the result of the alleged fraudulent transfer.

Dated this the 10 day of December, 2004.

MORRIS, CARY, ANDREWS, TALMADGE, & JONES, LLC

*[signature]*

Joseph A. Morris (MOR087)
Attorney for Plaintiff
P.O. Box 1649
Dothan, Alabama 36302
(334) 792-1420

### JURY DEMAND

Plaintiffs hereby demand a trial by jury.

*[signature]*

Joseph A. Morris

### PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Kym Morrison
c/o Kym Industries, Inc.
207 Smith Road
Slocomb, Alabama 36375

G&S Custom Covers, Inc.
c/o James Walker or Deloris Walker
22705 South West 53rd Avenue
Boca Raton, Florida 33433