IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:05cv951-T |
| G&S CUSTOM COVERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

ORDER

The allegations of the plaintiff's complaint are
insufficient to invoke this court's jurisdiction under 28
U.S.C.A. § 1332.   To invoke jurisdiction based on
diversity, a complaint must distinctly and affirmatively
alleged each party's citizenship.  <u>McGovern v. American
Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per
curiam).*

_____

\*In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th
Cir. 1981) (en banc), the Eleventh Circuit Court of
Appeals adopted as binding precedent all of the decisions
of the former Fifth Circuit handed down prior to the
close of business on September 30, 1981.

28 U.S.C.A. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendants G&S Custom Covers, Inc. and KYM Industries, Inc.

The plaintiff's complaint fails to meet this standard also because it gives the "residence" rather than the "citizenship" of defendant Dennis Wilson. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of

that State.  <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir.), <u>cert</u>. <u>denied</u>, 404 U.S. 995, 92 S.Ct. 534 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until October 28, 2005, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 12th day of October, 2005.


<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE