UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) <br> CASUALTY INSURANCE COMPANY, ) <br>           ) <br>           PLAINTIFF, ) <br>           ) <br> v.         ) <br>           ) <br> G&S CUSTOM COVERS, INC.; ) <br> KYM INDUSTRIES, INC., ) <br> AND DENNIS WILSON, ) <br>           ) <br>           DEFENDANTS. ) | ACTION NUMBER |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now the plaintiff, **Pennsylvania National Mutual Casualty Insurance Company** (hereinafter "Penn National") and pursuant to this Court's Order of October 12, 2005, hereby amends the jurisdictional allegations contained in its original Complaint for Declaratory Judgment and asserts the following Amended Complaint for Delaratory Judgment:

**JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000), exclusive of interest and costs.

2.  Penn National is a corporation engaged in the insurance business and licensed to engage in such business in the State of Alabama. It is incorporated in the State of Pennsylvania with its principal place of business is in the State of Pennsylvania.

3.  Defendant G&S Custom Covers, Inc., (hereinafter referred to as "G&S"), based upon the allegations of the underlying Complaint and the insurance policy at issue in this

lawsuit, is a corporation incorporated in the State of Alabama with its principal place of business in the State of Alabama.  At all times relevant to the issues made the basis of this action, G&S was doing business in Houston County, Alabama.

4. Defendant KYM Industries, Inc., (hereinafter referred to as "KYM"), based upon the allegations of the underlying Complaint and the records of the Alabama Secretary of State, is presently incorporated in the State of Alabama with its principal place of business in the State of Alabama.  The Alabama Secretary of State records further reflect said defendant was originally qualified to do business in the State of Alabama on February 26, 2001, with its state of incorporation being Florida and its principal place of business being in the State of Alabama.  Said qualification was withdrawn November 30, 2004.  At all times relevant to these proceedings, KYM was doing business in Houston County, Alabama.

5. Defendant Dennis Wilson, plaintiff in the underlying lawsuit, is an adult resident of Houston County, Alabama, a citizen of the State of Alabama, and possesses a potential contingent interest in an insurance policy issued by Penn National.

6. Jurisdiction of this cause is further predicated upon 28 U.S.C. § 2201 which provides that "in a case of actual controversy within its jurisdiction....any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested parties seeking such declaration, whether or not further relief is or could be sought."

## FACTS

7. Penn National issued an insurance policy providing commercial general liability coverage to G&S Custom Covers, Inc. with effective dates of 11/23/99 to 11/23/00, bearing policy number CL9 0082936.  The named insured under said policy was changed by KYM

Industries, Inc., on or about February 28, 2000.  A true and correct copy of the liability portions of said policy are attached hereto as Exhibit "A".  Those portions of said policy providing commercial property coverage are not included as said coverages are not applicable to this dispute.

        8.      The above-referenced policy issued by Penn National was renewed under the same policy number for the policy period of 11/23/00 through 11/23/01.  The named insured under said policy was KYM.  The commercial general liability portions of said policy are attached hereto as Exhibit "B" and in all material respects provides the same coverage as the previously issued policy under the same policy number.

        9.      The above-referenced policy was renewed for the policy period of 11/23/01 - 11/23/02 with the named insured being KYM.  Said renewal policy contains the same general liability coverage forms as Exhibit B.  Accordingly, the Declarations Page, only, of said policy is attached hereto as Exhibit "C".

        10.     The Penn National policy issued to KYM was renewed for the policy period of 11/23/02 through 11/23/03.  Said renewal policy contained a new commercial general liability coverage form, although the coverages provided under said form were virtually identical to those provided under the prior years' policies.  A complete copy of the liability coverages provided under said policy are attached hereto as Exhibit "D".]

        11.     The above-referenced policy was renewed by Penn National insuring KYM for the policy periods of 11/23/03 through 11/23/04 and 11/23/04 through 11/23/05.  The coverage forms of both policies, from a commercial general liability standpoint, are identical.  The Declaration Pages of said policies are attached hereto as Exhibits "E" and "F", respectively.

12. All of the above-referenced policies issued by Penn National to G&S and KYM contained Endorsement CG 21 47 10 93 entitled Employment-Related Practices Exclusion. Said Endorsement excluded any claims for bodily injury arising out of the termination of a person's employment, or employment-related practices, policies, acts, or omissions. Said endorsement is applicable to the claims asserted against the insureds in the underlying lawsuit.

13. Dennis Wilson, a defendant herein, filed a lawsuit in the Circuit Court of Houston County, Alabama, on December 10, 2004, naming as defendants G&S Custom Cover, Inc. (G&S in this litigation) and KYM Industries, Inc. A copy of said Complaint is attached hereto as Exhibit "G". Said Complaint was amended on or about March 29, 2005. A copy of plaintiff's First Amended Complaint is attached hereto as Exhibit "H". The allegations of the Complaint and Amended Complaint, from a factual standpoint, are identical. Basically, it is alleged the plaintiff was an employee of G&S on November 18, 1999, at which time he sustained a job-related injury. Subsequently on December 20, 1999, it is alleged the plaintiff, Defendant Wilson herein, was terminated by G&S as a result of his instituting a workman's compensation claim. Subsequently, Dennis filed suits for workman's compensation benefits and retaliatory discharge against G&S.

14. According to the allegations of the attached Complaint and Amended Complaint, Dennis Wilson obtained service upon G&S in the retaliatory discharge suit on or about September 28, 2000, and obtained a default judgment against said defendant on April 27, 2001, in the amount of $202,820, plus court costs. It is further alleged that Wilson filed a separate Complaint against G&S for workman's compensation benefits on November 19, 2001, properly served the defendant and obtained a default judgment against G&S on May 20, 2002, for damages in the amount of $11,970.44, plus costs. It is the collection of these default judgments

against G&S and/or KYM, together with other compensatory and punitive damages, which form the basis of the claims asserted by Dennis Wilson in the presently pending lawsuit in the Circuit Court of Houston County, Alabama.

15.     Defendant Wilson alleges in his Complaint that G&S intentionally fraudulently transferred its assets to KYM in order to hinder, defraud, or delay the ability of Wilson to collect the judgments he obtained against G&S. It is alternatively alleged in the original Complaint that KYM is really a continuation of the business known as G&S and any transfer of assets between said entities was accomplished for the purposes of defrauding the plaintiff and preventing Wilson's ability to satisfy the judgments he obtained out of the assets of G&S or KYM. The Amended Complaint filed by Dennis Wilson reiterates the same claims and adds Count 3 which seeks to pierce the corporate veil of G&S and/or KYM in order to collect upon the judgments awarded in the two lawsuits filed by Wilson in the Circuit Court of Houston County, Alabama.

16.     Presently, Penn National is providing G&S and KYM a defense for the claims asserted in Civil Action No. CV 2004-817-L pending in the Circuit Court of Houston County, Alabama, under a Reservation of Rights.

17.     The causes of action and damages claimed by Dennis Wilson in the underlying action pending against G&S and KYM are not covered under the terms of the applicable liability policies issued by Penn National. Said policies specifically exclude any obligation of G&S and/or KYM under Alabama's workman's compensation law (Exclusion 2.d.), and any bodily injury to an employee of the insured arising out of and in the course of employment with the insured. (Exclusion 2.e.) Furthermore, said policy does not apply to any claims for bodily injury or property damage expected or intended from the standpoint of the insured (Exclusion 2.a.); and the employment related practices exclusion precludes coverage for any claims by Wilson for

damages as a result of his alleged termination of employment or other employment-related practices, policies, acts or omissions by his employer. Furthermore, notice of the pending lawsuits filed on behalf of Dennis Wilson were not given by G&S or KYM to Penn National, as required under the Commercial General Liability policies, and the insureds allowed default judgments to be entered against them without notice of the pending litigation being given to Penn National. Said actions by G&S and KYM violate the terms and conditions of the subject Commercial General Liability policies, thus voiding any coverages which may otherwise have been applicable to the claims asserted against them.

18. The claims for damages sought by Wilson in the workman's compensation and retaliatory discharge lawsuits against G&S and/or KYM would not have been covered under the Penn National polices had said claims and lawsuits been reported to Penn National. Accordingly, Wilson's present litigation seeking to recover said default judgments against either G&S or KYM are not covered. The allegations of the Complaint, as amended, do not allege an "occurrence" which resulted in new injuries or damages sustained by Wilson which would qualify as covered claims and damages under the Penn National policy.

19. There presently exists a dispute between Penn National and its insureds as to whether Penn National has a duty to continue defending and/or to indemnify G&S or KYM for the underlying claims and any judgment that may be rendered against them. This coverage dispute is a justiciable controversy which should be resolved by this court.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Pennsylvania Mutual Casualty Insurance Company respectfully requests the following relief:

    a.    That this Honorable Court will take jurisdiction over this cause and will declare what, if any, duties Penn National has to defend, indemnify or pay any judgment under the subject liability policies which may be rendered against G&S Custom Covers, Inc., or KYM Industries, Inc., in the underlying lawsuit.

    b.    That this Honorable Court will render such other, further or necessary relief as Penn National shall be entitled to in this cause.

Respectfully submitted,

_____
Bert P. Taylor

**OF COUNSEL FOR PLAINTIFF:**
**PENNSYLVANIA MUTUAL**
**CASUALTY INSURANCE COMPANY**
TAYLOR RITTER, P.C.
P.O. Box 489
Orange Beach, AL 36561
Phone: 251-981-8430
Fax: 251-981-8425

**SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**

KYM Industries, Inc.
207 Smith Road
Slocomb, AL 36375

G&S Custom Covers, Inc.
c/o James Walker or Delores Walker
22705 Southwest 53rd Avenue
Boca Raton, FL 33433

Dennis Wilson
c/o Joseph A. Morris, Esq.
Morris, Cary, Andrews, Talmadge & Jones, LLC
3334 Ross Clark Circle
Dothan, AL 36303