IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| DENNIS WILSON, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| VS. | ) CASE NO. CV 2004-817-L |
| | ) |
| G&S CUSTOMER COVER, INC., | ) |
| KYM INDUSTRIES, INC., et al | ) |
| FICTITIOUS DEFENDANTS A, B, and C | ) |
| who are those individuals, and entities who are | ) |
| or who may be liable to Plaintiff for the conduct | ) |
| complained of herein; or who may be | ) |
| responsible for the damages alleged herein and | ) |
| whose names are unknown but who will be | ) |
| substituted by amendment when ascertained, | ) |
| | ) |
| *Defendants.* | ) |



## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW THE PLAINTIFF in the above-styled cause, and files the following Complaint:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. The Plaintiff, Dennis Wilson, is of legal age, and is a resident and citizen of Houston County, Alabama.

2. Upon information and belief, the Defendant, G&S Customer Cover, Inc., (hereinafter referred to as "G&S") is a corporation qualified to do business in the State of Alabama, and at all times material hereto was doing business in Houston County, Alabama.

3. Upon information and belief, the Defendant, Kym Industries, Inc., (hereinafter referred to as "Kym Industries") is a corporation qualified to do business in the State of Alabama, and at all times material hereto was doing business in Houston County, Alabama, and is subject to this Court's jurisdiction.

4. Fictitious Defendants, A, B, and C are those individuals or entities who are or who may be liable to the Plaintiff for the conduct complained of herein or who may be responsible for the

damages alleged herein.

5. This matter arises out of an on-the-job accident that occurred on or about November 18, 1999, while the Plaintiff was employed by the Defendant in Houston County, Alabama and the subsequent termination of Plaintiff's employment with the Defendant that occurred on or about December 20, 1999.

6. Further, in late November 1999, G&S fraudulently transferred assets to Kym Industries or in the alternative Kym Industries fraudulently assumed the assets of G&S.

7. At all times material hereto the Defendant G&S was the alter ego and mere instrumentality of Kym Industries.

## FACTUAL ALLEGATIONS

8. On or about November 18, 1999, the Plaintiff was an employee of the Defendant, G&S.

9. Upon information and belief, on or about November 18, 1999, the Plaintiff was injured while working in the line and course of his employment with Defendant, G&S.

10. The Plaintiff notified his immediate supervisor of the above-referenced injury.

11. Upon information and believe, at the time of said accident, Plaintiff's average weekly wage was approximately $230.00.

12. The Defendants were given timely and actual notice of said accident within the time specified by the Workers' Compensation Act of the State of Alabama.

13. Said notice connected the Plaintiff's work activity with his injury and thereby placed the Defendants on reasonable notice to investigate further.

14. As a result of the on the job injury, the Plaintiff suffered personal injury and damage, including, but not limited to his right lower extremity.

15. Subsequent to said injury the Plaintiff was caused to obtain medical treatment for his injury and he now suffers a permanent disability.

16. The Defendants have failed to pay all of the disability benefits and/or medical benefits to which the Plaintiff is entitled.

17. On or about December 20, 1999 after instituting and maintaining a workers' compensation claim, the Plaintiff was terminated.

18. Upon information and belief, subsequent to the on the job injury of the Plaintiff, the Defendant Kym Industries scratched the name off of the building G&S inhabited and operated thereafter as Kym Industries until they moved the base of their operations sometime later.

19. The sole shareholder of Kym Industries, Inc., is Kym Morrison. Kym Morrison is married to Bruce Morrison, whose parents are James and Deloris Walker Mr. and Mrs. Walker were the incorporators of G&S. The sole purpose of opening the business of G&S was to make tarps for Kym Industries to assist in the quality of products provided by Kym Industries.

20. On June 7, 2000 the Plaintiff filed a complaint alleging retaliatory discharge against the Defendant, G&S.

21. The Defendant G&S was properly served on September 28, 2000 via certified mail at the registered agent's address 2275 SW 53rd Avenue, Boca Raton, Florida and was signed by Kym Morrison, the owner and sole shareholder of Kym Industries.

22. The Defendant, G&S hired an attorney, A. Gary Jones, who represented it from January 3, 2001 until March 9, 2001, when he withdrew as counsel. During that time period the Defendant never filed an answer to the complaint.

23. On April 24, 2001 the Plaintiff filed a motion for default judgment, which was granted on April 27, 2001. Damages were assessed at $202,820.00 plus court costs of $200.00. The judgment was recorded at the Houston County Probate office on September 17, 2001 in Judgment Book 97, page 51.

24. On November 19, 2001, the Plaintiff filed a separate complaint against G&S for workers' compensation benefits.

25. The complaint was properly served upon the Defendant G&S.

26. The Defendant, G&S never filed an answer to the complaint and on May 17, 2002 a motion for default judgment was filed.

27. The Court granted the motion for default judgment on May 30, 2002. Damages were

 

later assessed at $11,970.44 plus court costs of $149.00. The judgment was recorded in the Houston County Judge of Probate's office on February 4, 2004 in judgment book 103 page 513.

## COUNT ONE
## INTENTIONAL FRAUDULENT TRANSFER

28. Plaintiff adopts and re-alleges paragraphs 1-27 as if fully set out herein.

29. Kym Industries, Inc., is the successor entity in interest of G&S.

30. Subsequent to the on the job injury of the Plaintiff as alleged above, the Defendant Kym Industries scratched the name off of the building G&S inhabited and operated thereafter as Kym Industries.

31. Plaintiff alleges that there has been a continuity of the enterprise of G&S by Kym Industries including the retention of key personnel, assets, and general business operations.

32. Further the Plaintiff alleges that the assumption of assets, materials, equipment and employees of G&S by Kym Industries amounts to a de facto merger or consolidation of the two companies. Specifically, that G&S stopped operating under the name when the general manager quit and that Kym Industries simply retained all of G&S accounts, equipment, assets, and/or employees for its own use.

33. Plaintiff alleges that Kym Industries is a mere continuation of G&S and that the transaction or transfer of assets is a fraudulent attempt for G&S and/or Kym Industries to escape liability for Plaintiff's claims.

34. Plaintiff alleges that Kym Industries through its agents, employees, and representatives knew or should have known of the existence of Plaintiff's claim at the time the assets and property of G&S were conveyed to Kym Industries.

35. Plaintiff alleges that he has been defrauded by the actions of Kym Industries and/or G&S that Kym Industries and/or G&S intended to defraud the Plaintiff, and that the Plaintiff could have

used the assets of G&S, now assumed by Kym Industries, to satisfy all or part of the damages claimed.

36. That the transfer or conveyance of assets and property of G&S to Kym Industries was made under such circumstances that the result hindered, defrauded, or delayed the ability of the Plaintiff to collect its debt.

37. Due to the nature and relationship of the owners, managers, and incorporators of G&S and Kym Industries, as stated in paragraph 18 above, Kym Industries cannot prove a bona fide purchase of the assets and property of G&S nor can it be considered an innocent purchaser without notice of Plaintiff's claims.

38. As a proximate result of the intentional fraudulent transfer of assets to Kym Industries the Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for all sums awarded in the civil cases of Dennis Wilson v. G&S Custom Covers, Inc., case # CV 2000-371-L and CV 2001-779-A. Plaintiff further demands judgment against the Defendants for an amount to be determined by a jury for all damages occurring as a result of Plaintiff's termination including compensatory and punitive damages; damages owed as a result of the workers' compensation claim, including payment of medical bills, double indemnity benefits pursuant to ALA. CODE §25-5-8(e), appropriate penalties and costs; and Plaintiff demands judgment against the Defendants for an amount to be determined by a jury for all damages that occurred as the result of the alleged fraudulent transfer.

## COUNT TWO
## CONSTRUCTIVE FRAUDULENT TRANSFER

39. Plaintiff adopts and re-alleges paragraphs 1-38 as if fully set out herein.

40. Kym Industries, Inc., is the successor entity in interest of G&S.




41. Subsequent to the on the job injury of the Plaintiff as alleged above, the Defendant Kym Industries scratched the name off of the building G&S, inhabited and operated thereafter as Kym Industries, Inc.

42. Plaintiff alleges that there has been a continuity of the enterprise of G&S by Kym Industries including the retention of key personnel, assets, and general business operations.

43. Further the Plaintiff alleges that the assumption of assets, materials, equipment and employees of G&S by Kym Industries amounts to a de facto merger or consolidation of the two companies. Specifically, that G&S stopped operating under the name when the general manager quit and that Kym Industries simply retained all of G&S accounts, equipment, assets, and/or employees for its own use.

44. Plaintiff alleges that Kym Industries is a mere continuation of G&S and that the transaction or transfer of assets is a fraudulent attempt for G&S and/or Kym Industries to escape liability for Plaintiff's claims.

45. Plaintiff alleges that Kym Industries through its agents, employees, and representatives knew or should have known of the existence of Plaintiff's claim at the time the assets and property of G&S was conveyed to Kym Industries.

46. Plaintiff alleges that he has been defrauded by the actions of Kym Industries and/or G&S that Kym Industries and/or G&S intended to defraud the Plaintiff, and that the Plaintiff could have used the assets of G&S, now assumed by Kym Industries, to satisfy all or part of the damages claimed.

47. That the transfer or conveyance of assets and property of G&S to Kym Industries was made under such circumstances that the result hindered, defrauded, or delayed the ability of the Plaintiff to collect its debt.

48. Due to the nature and relationship of the owners, managers, and incorporators of G&S and Kym Industries, as stated in paragraph 18 above, Kym Industries cannot prove a bona fide purchase of the assets and property of G&S nor can it be considered an innocent purchaser without notice of Plaintiff's claims.

49. Plaintiff alleges that he has been defrauded by the actions of Kym Industries, Inc.

50. Plaintiff alleges that G&S Custom Covers, Inc., owed a debt to the Plaintiff, that the assets of the G&S Custom Covers, Inc. would have satisfied all or part of the debt claimed by the Plaintiff, that the transfer of assets to Kym Industries, Inc., extinguished the ability for the Plaintiff to collect said claim, and that little or no valuable consideration was given to Kym Industries, Inc., for the property conveyed.

51. As a proximate result of the constructive fraudulent transfer of assets by Kym Industries, Inc., the Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for all sums awarded in the civil cases of Dennis Wilson v. G&S Custom Covers, Inc., case # CV 2000-371-L and CV 2001-779-A. Plaintiff further demands judgment against the Defendants for an amount to be determined by a jury for all damages occurring as a result of Plaintiff's termination including compensatory and punitive damages; damages owed as a result of the workers' compensation claim, including payment of medical bills, double indemnity benefits pursuant to ALA. CODE §25-5-8(e), appropriate penalties and costs; and Plaintiff demands judgment against the Defendants for an amount to be determined by a jury for all damages that occurred as the result of the alleged fraudulent transfer.

## COUNT THREE
## ALTER EGO/PIERCING THE CORPORATE VEIL

52. Plaintiff adopts and re-alleges paragraphs 1-50 as if fully set out herein.

Case 1:05-cv-00951-CSC   Document 6-9   Filed 10/17/2005   Page 8 of 10

 

53. G&S is the alter ego of Kym Industries, Inc.

54. Plaintiff alleges that G&S was created and maintained for the purpose of Kym Industries to avoid liability.

55. Upon information and belief, G&S was the mere instrumentality of Kym Industries, in that one or all or some of the following items occurred:

    a. That Kym Industries paid all or part of the salaries and other expenses or losses of G&S;

    b. that G&S and Kym Industries did have common directors, officers, or key personnel;

    c. that Kym Industries financed the operations of G&S;

    d. that Kym Industries and G&S had common bank accounts;

    e. that the directors, officers, and key personnel of G&S did not act independently in the interest of G&S but took orders from Kym Industries;

    f. Kym Industries used property of G&S as its own, and

    g. G&S had substantially no business except with Kym Industries

56. As a proximate result of G&S being the alter ego of Kym Industries, Kym Industries is responsible for the obligations of G&S owed to the Plaintiff, including but not limited to the amounts of those judgments awarded in cases CV 2000-371-L and CV 2001-779-A, totaling $215,139.44, and any other damages not enumerated.

WHEREFORE, Plaintiff demands judgment against the Defendants for all sums awarded in the civil cases of Dennis Wilson v. G&S Custom Covers, Inc., case # CV 2000-371-L and CV 2001-779-A. Plaintiff further demands judgment against the Defendants for an amount to be determined by a jury for all damages occurring as a result of Plaintiff's termination including

compensatory and punitive damages; damages owed as a result of the workers' compensation claim, including payment of medical bills, double indemnity benefits pursuant to ALA. CODE §25-5-8(e), appropriate penalties and costs.

Dated this the 29 day of March, 2005.

MORRIS, CARY, ANDREWS, TALMADGE, & JONES, LLC



Joseph A. Morris (MOR087)
Attorney for Plaintiff
P.O. Box 1649
Dothan, Alabama 36302
(334) 792-1420

## JURY DEMAND

Plaintiffs have previously demand a trial by jury.

Joseph A. Morris

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Richard H. Ramsey, III
400 West Adams Street, Suite 1
Dothan, Alabama 36302-6346

by placing a copy of the same in the United States Mail, postage prepaid and properly addressed on this the 29 day of March, 2005.

Joseph A. Morris

1/4/2005 11:03 AM   FROM: Fax Flowers Insurance Agency LLC   TO: 18663950018   PAGE: 003 OF 023

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
SUMMONS

CV 2004 000617.00

IN THE CIRCUIT COURT OF HOUSTON COUNTY

DENNIS WILSON VS G AND S CUSTOMER COVER INC AND KYM INDUSTRIES INC

SERVE ON: (0002)

SSN: 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

KYM INDUSTRIES INC
%KYM MORRISON
207 SMITH ROAD
SLOCOMB                  ,AL  36375-0000

PLAINTIFF'S ATTORNEY

MORRIS JOSEPH ANTHONY
170 E MAIN ST
PO BOX 1649
DOTHAN                   ,AL  36302-0000

TO THE ABOVE NAMED DEFENDANT:
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

(X)   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 12/29/2004

CLERK: JUDY BYRD
PO DRAWER 6406
DOTHAN AL 36302

RETURN ON SERVICE:
( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
      (RETURN RECEIPT HERETO ATTACHED)

( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
      COMPLAINT TO _____
      IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____                          SERVER SIGNATURE _____

SERVER ADDRESS _____                TYPE OF PROCESS SERVER _____

OPERATOR: LIL
PREPARED: 12/29/2004