IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE CO. | ) ) ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CASE NO. 1:05cv951-T |
| KYM INDUSTRIES et al., | ) | |
| DEFENDANT. | ) | |

### DEFENDANT KYM INDUSTRIES MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

Defendant KYM INDUSTRIES, INC. ("DEFENDANT"), through its undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of plaintiff PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY ("PLAINTIFF" or "INSURANCE COMPANY") pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over subject matter and by exercising its discretion not to intervene under the Declaratory Judgment Act.

A. BACKGROUND

PLAINTIFF filed this Complaint on or about October 11, 2005 seeking a Declaratory Judgment that, among other things, that it is not required to defend or provide coverage to DEFENDANT in a lawsuit filed against DEFENDANT in the state courts of Alabama. The litigation underlying PLAINTIFF'S Complaint was filed against DEFENDANTS on or about February 25, 2004 (the "Underlying Litigation") (Complaint, Exhibit "A").

The Complaint in the Underlying Litigation does not specify an amount for damages. (Complaint, Exhibit "A") Instead, the Complaint in the Underlying Litigation seeks "Judgment in PLAINTIFF'S favor against the DEFENDANT for such damages as are proven at trial." (Id.) Plaintiff in the Underlying Litigation has not made any demand exceeding $75,000.00.

B. ARGUMENT

1. Plaintiffs' Complaint Should Be Dismissed Because Plaintiff Cannot Meet The $75,000.00 Amount in Controversy Requirement.

The Complaint should be dismissed because PLAINTIFF cannot meet the $75,000 amount in controversy requirement for diversity jurisdiction. SEE 28 U.S.C. § 1332. Federal Courts are Courts of Limited Jurisdiction. SEE e.g., Burns v Windsor Ins., Co., 31 F3d 1092, 1095 (11th Cir. 1994). To invoke a Federal Court's Diversity Jurisdiction, a Plaintiff must demonstrate, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When a Plaintiff seeks Injunctive or Declaratory Relief, the amount in controversy is the monetary value of the object in Litigation from the Plaintiff's perspective. SEE e.g., Cohen v. Office Depot, Inc., 204 F3d 1069, 1077 (11th Cir. 2000). Since jurisdiction is based on a claim for indeterminate damages, PLAINTIFF, as the party seeking to invoke Federal Jurisdiction, bears the burden of proving that the claim on which it is basing jurisdiction meets the jurisdictional minimum. SEE e.g., Tapscott v MS Dealer Serv. Corp., 77 F3d 1353, 1356-57 (11th Cir. 1996), abrogated on other grounds Cohen v. Office Depot inc., 204 F.3d 1069, 1072-77 (11th Cir. 2000).

Based on the above-discussed principles, PLAINTIFF'S Complaint should be dismissed because PLAINTIFF cannot establish that the damages exceed $75,000. Jurisdictional requirement. SEE e.g. Tapscott 77 F.3d at 1356-57. Indeed, besides PLAINTIFF'S self-serving allegation of the requirements of 28 U.S.C. § 1332 are met, PLAINTIFF'S Complaint fails to make any allegations establishing that the amount in controversy approaches the statutory requirement. SEE Complaint. Because PLAINTIFF has failed to establish that the amount in controversy is $75,000. or more, this Court lacks Jurisdiction and PLAINTIFF'S Complaint should be Dismissed.

2. <u>This Court Should Decline To Exercise Jurisdiction Over This Matter Under The Principles of Brillhart</u>.

This Court should exercise its discretion under the Declaratory Judgment Act to decline to accept Jurisdiction in this matter because the matter can be settled adequately in the Underlying Litigation. SEE also, e.g., Republic Ins. Co. v Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997). Under the Declaratory Judgment Act, the question for a District Court in determining whether to accept Jurisdiction is "Whether the questions in controversy between the parties to the Federal Suit, and which are not foreclosed under applicable substantive law, can be better settled in the proceeding pending in the State Court." Brillhart v Excess Insurance Company of America, 316 U.S. 491, 495 (1942). In deciding the issue, Courts examine the scope of the pending State Court Proceeding and whether all claims can be adjudicated adequately. SEE id. District Courts retain broad discretion to make such determinations. SEE e.g., Wilton v Seven Falls Co., 515 U.S. 277, 289-90 (1995).

This Court should not take Jurisdiction over this case even if the Jurisdictional amount is met, because there is no Federal question begging resolution by this Court. This is a simple contract dispute. Since Federal Courts have no particular interest in State contract matters, there is no reason that this Court should intervene in the Underlying Litigation. SEE e.g., Employer's Reinsurance Corp. v Dillon, 179 F. Supp. 2d 1371, 1374 (M.D.Ala. 2001) (holding that the resolution of an insurance contract dispute was better left to State Courts).

Moreover, there is no particular reason for this Court to determine PLAINTIFF's liability until the Underlying Litigation has run its course. SEE e.g., American National Property & Casualty Company v Crawford, 2000 U.S. Dist. LEXIS 11241, *5 (M.D. Ala 2000) (Explaining that "Should the State Court actions determine that the alleged claims are valid and compensable,... then the parties and this Court would squarely face the issues raised herein"). PLAINTIFF has already appointed counsel to defend DEFENDANT in the Underying Litigation. The only thing left to determine now is who will ultimately pay the bill; PLAINTIFF pursuant to its obligation under the Policy or DEFENDANT because PLAINTIFF does not have such contractual duty. It is more efficient that this Court abstain from accepting Jurisdiction because once the Underlying Litigation has been completed, it can be determined if there is $75,000. in controversy. Because the relief that PLAINTIFF seeks can better be determined in the Underlying Litigation, this Court should exercise its discretion and decline Jurisdiction under the Declaratory Judgment Act.

WHEREFORE, based upon the arguments and authority cited and in this Memorandum of Law in Support of Motion to Dismiss and its accompanying Motion, KYM INDUSTRIES respectfully requests that this Court grant its Motion to Dismiss, and such other and further relief as this Honorable Court may deem Just and Proper.

Richard H. Ramsey, III (RAM004)
Attorney for Defendant
400 W. Adams Street, Suite 1
Dothan, Alabama 36303
(334) 794-4154 FAX (334) 794-2841

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the above and foregoing Notice of Appearance upon Plaintiff by placing a copy of same in the United States Mail, postage prepaid, properly addressed to Bert P. Taylor of Taylor Ritter, P.C. at P.O. Box 489, Orange Beach, AL 36561, and Dennis Wilson c/o Joseph A. Morris, Esq. of Morris, Carry, Andrews, Talmadge & Jones, LLC, 3334 Ross Clark Circle, Dothan, AL 36303 this the 25th day of October 2005.

Of Counsel

05-195