UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) <br> CASUALTY INSURANCE COMPANY, ) <br>   ) <br> PLAINTIFF, ) <br>   ) <br> v. ) <br>   ) <br> G&S CUSTOM COVERS, INC.; ) <br> KYM INDUSTRIES, INC., ) <br> AND DENNIS WILSON, ) <br>   ) <br> DEFENDANTS. ) | ACTION NUMBER <br> 1:05cv951-T |

**RESPONSE TO KYM INDUSTRIES' MOTION TO DISMISS**

COMES NOW the Plaintiff, Pennsylvania National Mutual Casualty Insurance Company (hereinafter, "Penn National"), and in response to Defendant KYM Industries' (hereinafter, "KYM") Motion to Dismiss, states the following:

I.   **PLAINTIFF HAS SATISFIED THE AMOUNT IN CONTROVERSY REQUIREMENT TO INVOKE THIS COURT'S JURISDICTION.**

In KYM's Motion to Dismiss, KYM alleges that the above-referenced action should be dismissed because Penn National cannot meet the $75,000 amount in controversy requirement for diversity jurisdiction. This assertion is false, as the amount in controversy in this action well exceeds $75,000.

As noted by the Supreme Court, "Under the '*Erie* doctrine', federal courts sitting in diversity apply state substantive law and federal procedural law" *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 426 (1996). The question of whether or not Penn National can meet this Court's jurisdictional requirements is a procedural question, as such, federal procedural law should apply.

According to 28 U.S.C. Section 1332, in order for a party to invoke the diversity jurisdiction of the federal district courts, the parties to the action must have complete diversity of citizenship, and the amount in controversy must exceed $75,000. In *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U.S. 283 (1938), The Supreme Court held that a federal district court should not dismiss a case for want of jurisdiction unless it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount. *Id.* at 289. Otherwise, as noted by the Court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 288. In *Cohen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000), the Court of Appeals dealt with issue of the amount in controversy with regards to a declaratory action. In *Cohen*, the Court held that "when a plaintiff seeks injunctive or declaratory relief, amount in controversy, for diversity jurisdiction purposes, is the monetary value of object of litigation from plaintiff's perspective;..." *Id.* at 1077

The case at bar is a declaratory action filed by Penn National to seek this Court's determination of what, if any, obligations and duties Penn National has to defend and indemnify KYM in the underlying lawsuit, styled *Dennis Wilson v. G&S Customer Cover, Inc., KYM Industries, Inc., et al*, CV 2004-817-L, pending in the Circuit Court of Houston County, AL. In the Complaint of the underlying suit, Dennis Wilson alleges that he obtained a default judgment against G&S in a retaliatory discharge suit on April 27, 2001 in the amount of $202, 820.00, plus court costs. It is further alleged that Wilson obtained a default judgment against G&S for a separate suit for worker's compensation benefits on November 19, 2001, for damages in the amount of $11, 970.44, plus costs. The underlying action has been brought by Dennis Wilson for claims of intentional fraudulent transfer and constructive fraudulent transfer against G&S and KYM. The Complaint alleges that G&S intentionally fraudulently transferred its assets to KYM in order to hinder, defraud, or delay the ability of Wilson to collect the judgments he obtained

against G&S.  It is further alleged in the original Complaint that KYM is really a continuation of the business known as G&S and any transfer of assets between said entities was accomplished for the purposes of defrauding Wilson and preventing his ability to satisfy the judgments he obtained out of the assets of G&S or KYM.  Subsequently, Dennis Wilson filed an Amended Complaint whereby he reiterates the same claims against G&S and KYM and adds an additional claim which seeks to pierce the corporate veil of G&S and/or KYM in order to collect upon the judgments awarded in the two lawsuits filed by Wilson in the Circuit Court of Houston County, AL.

Wilson has made several damage claims in the underlying suit, including: judgment against G&S and KYM for all sums awarded in the previous civil cases of Dennis Wilson v. G&S, judgment against G&S and KYM for an amount to be determined by a jury for damages resulting from Wilson's retaliatory discharge, judgment against G&S and KYM for worker's compensation benefits, and judgment against G&S and KYM for an amount to be determined by a jury for all damages that occurred as the result of the alleged fraudulent transfer.

In the Complaint for Declaratory Judgment, Penn National has alleged that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Clearly, the monetary value of the object of the present case is more than $75,000.  The object of this declaratory action  is the underlying suit filed by Dennis Wilson against G&S and KYM as Penn National is requesting this Court's determination of its obligations and duties, if any, to defend and indemnify KYM and G&S with regards to the underlying suit.  Obviously, the amount in controversy of the underlying suit far exceeds the $75,000 required to invoke this Court's jurisdiction.  The amount of the two default judgments which Wilson is demanding judgment for in the underlying suit total $214, 794.44.  Wilson is also demanding judgment

against G&S and KYM for additional damages resulting from Wilson's discharge, additional worker's compensation benefits, and damages resulting from the alleged fraudulent transfer. Therefore, KYM cannot argue that this case should be dismissed because it appears to a legal certainty that the claim is really less than the jurisdictional amount. Penn National has filed this declaratory action in good faith, and the object of the declaratory action is more than the $75,000 required to meet the amount in controversy criteria. As such, KYM's argument that Penn National's Complaint for Declaratory Action should be dismissed because it does not meet the $75,000 amount in controversy requirement for diversity jurisdiction is without merit.

II.     **THIS COURT SHOULD EXERCISE JURISDICTION OVER THIS MATTER**

In Defendant KYM's Motion to Dismiss, KYM urges this Court to decline jurisdiction in this matter according to the principles outlined in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). While Penn National acknowledges that this Court has broad discretion in determining whether to abstain from hearing this action, this Court should exercise jurisdiction over this case for several viable reasons.

In *Brillhart*, the plaintiff insurance company brought a declaratory action against the defendant for a declaratory judgment to determine rights under a reinsurance agreement. *Id.* at 491. The Supreme Court stated that "where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 495. Furthermore, the federal district courts' are granted broad discretion in determining whether they will hear a declaratory action. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289-290 (1995).

In KYM's Motion to Dismiss, KYM cites *Employer's Reinsurance Corp. v. Dillon,* 179 F. Supp. 2d 1371 (M.D. Ala. 2001) in support of its argument that an insurance contract dispute

is better left to the State Courts.  However, the facts in *Employer's* are not analogous to the facts of the present case.  In *Employer's,* a reinsurer brought a declaratory action against an insurance agency and salesman requesting the Court to determine the scope of coverage in a professional liability policy.  *Id.* at 1371.  The District Court, in the exercise of its discretion, held that the declaratory action would be stayed until the state court issues became more fully developed.  *Id.* at 1373.  The District Court noted that a key factor in its decision to stay the declaratory action was that  in the time since the reinsurer had filed the declaratory action, several additional cases had been filed in the state court against the insurance agency and the salesman.  *Id.* at 1372.  This, in turn, caused the reinsurer to amend its complaint on numerous occasions so that the District Court's determination might protect it from all of the actions filed in the state courts.  *Id.*

In the present case, the plaintiff in the underlying suit has filed an action against two corporations, G&S and KYM, for damages stemming from default judgments, worker's compensation, retaliatory discharge and fraud.   Based upon the specific facts alleged in Wilson's complaint, it is not reasonably foreseeable that any more parties will be filing similar actions against G&S and KYM.  The underlying suit in the state court will not be adversely affected if this Court hears Penn National's declaratory action, as the parties and issues in the underlying suit have already been established in Wilson's complaint, and are not likely to change.

Secondly, KYM argues that there is no particular reason for this Court to determine Penn National's liability until the underlying litigation has run its course.  In support of this argument, KYM states that Penn National has already appointed counsel to defend KYM in the underlying litigation.  Furthermore, KYM states that "the only thing left to determine now is who will ultimately pay the bill."  It is unclear whether KYM is referring to any verdict that is ultimately rendered against KYM in the underlying suit, or whether they are referring to the amount of the

verdict plus the continuously mounting attorney's fees which Penn National is incurring in the defense of KYM.  Regardless, this is not a viable reason for this Court to deny jurisdiction in the declaratory action.

Under Alabama law[1], it is well established that "an insurer's duty to defend is more extensive than its duty to indemnify." *United States Fid. & Guar. Co. v. Armstrong,* 479 So. 2d 1164, 1168 (Ala. 1985).  As noted by the Alabama Supreme Court, "whether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined primarily by the allegations contained in the complaint." *Id.* at 1168. However, the insurer's obligation to defend an insured is not based solely on the facts alleged in the complaint.  *Ladner & Co. v. Southern Guar. Ins. Co.,* 347 So. 2d 100, 103 (Ala. 1977). "If there is any uncertainty as to whether the complaint alleges facts that would invoke the duty to defend, the insurer must investigate the facts surrounding the incident that gave rise to the complaint in order to determine whether it has a duty to defend the insured." *Blackburn v. Fidelity & Deposit Co. of Maryland,* 667 So. 2d 661, 668 (Ala. 1995); (*citing Untied States Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164 (Ala. 1985)).

In the case at bar, the facts and claims alleged by Wilson in the underlying suit certainly raise serious doubt as to whether Penn National even has a duty to defend KYM, much less indemnify KYM for any verdict rendered against it.  Wilson has brought claims against G&S and KYM for enforcement of two default judgments.  Wilson has also brought claims against G&S and KYM for  retaliatory discharge, worker's compensation benefits, and intentional fraudulent transfer of assets.  The applicable liability policies issued to KYM specifically exclude any obligation for Penn National to defend and indemnify KYM for worker's

---

[1] Because this is an analysis of substantive law, the *Erie* doctrine dictates that Alabama law should apply.

compensation claims.  The applicable policies also specifically exclude coverage for expected or intended bodily injury, along with any claims by Wilson for damages resulting from his alleged termination.  Furthermore, notice of the two lawsuits which resulted in default judgments was not given to Penn National by G&S or KYM, as required under the applicable policies.  Said failure to provide notice violated the terms and conditions of the subject policies, thus any coverages which may otherwise have been applicable to the claims asserted against G&S and KYM are void.

Obviously, it is Penn National's position that no duty is owed to KYM to defend or indemnify it from the claims asserted in the underlying suit.  However, as is required under Alabama law, Penn National acknowledges that it must investigate the facts surrounding the incident or incidents which have given rise to the underlying suit.  As such, the most efficient way to investigate these facts is by way of formal discovery conducted in the declaratory action before this Court.  If Penn National has no duty to defend KYM in the underlying lawsuit, it should be given the opportunity to proceed with the declaratory action so that this Court can make that legal determination.   Penn National should not have to continue to incur legal fees and expenses in the defense of KYM in the underlying action if it has no obligation to do so. It is much more judicially efficient for this Court to exercise its jurisdiction and declare Penn National's rights and obligations under the applicable policies, as opposed to denying jurisdiction and forcing Penn National to continue to incur defense costs which it has no duty to provide.  As such, this Court, in the exercise of its broad discretion, should allow Penn National to proceed with its declaratory action against KYM.

Finally, in KYM's Motion to Dismiss, KYM urges this Court to completely dismiss Penn National's complaint for declaratory judgment.  For all of the aforementioned reasons, KYM's

motion is due to be denied. However, even if this Court determines not to proceed with this matter, the appropriate course of action is to stay the declaratory judgment action.

In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the plaintiff sought declaratory judgment that their commercial liability insurance policies provided no coverage. The Supreme Court affirmed the District Court's decision to stay the declaratory action pending resolution of the state court suit. *Id.* In that opinion, the Court noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter." *Id.* at 288. As such, in the present matter, should this Court abstain from exercising jurisdiction in this matter, this declaratory action should be stayed as opposed to dismissed.

## **CONCLUSION**

Penn National has met the burden required to invoke this Court's diversity jurisdiction. The amount in controversy of the underlying suit, which is the object of this declaratory action, is well over $75,000. Furthermore, considering the facts, claims, and damages alleged in the underlying suit, this Court should exercise jurisdiction over this action and allow this case to proceed. However, even if this Court were to not exercise its jurisdiction, this action should not be dismissed; rather, this action should be stayed, and allowed to proceed at a later date.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Penn National, respectfully requests this Honorable Court to deny Defendant KYM's Motion to Dismiss, and allow this action for declaratory judgment to proceed.

Dated this 11th day of November, 2005.

Respectfully submitted,

s/ Bert P. Taylor

_____
Bert P. Taylor

**OF COUNSEL FOR PLAINTIFF:**
**PENNSYLVANIA MUTUAL**
**CASUALTY INSURANCE COMPANY**
TAYLOR RITTER, P.C.
P.O. Box 489
Orange Beach, AL 36561
Phone: 251-981-8430
Fax: 251-981-8425

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the above pleading on all counsel and/or parties listed below by placing a copy in the United States Mail and placing proper postage upon same:

Joseph A. Morris, Esq.
Morris, Carey, Andrews, Talmadge & Jones
P. O. Box 1649
Dothan, AL 36302

Richard H. Ramsey, III, Esq.
Ramsey Court
400 W. Adams Street, Ste. 1
Dothan, AL 36303

s/ Bert P. Taylor

_____
Of Counsel