UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> G&S CUSTOM COVERS, INC.; ) <br> KYM INDUSTRIES, INC., ) <br> AND DENNIS WILSON, ) <br> ) <br> DEFENDANTS. ) | ACTION NUMBER <br> 1:05cv951-T |

**PLAINTIFF'S RESPONSE TO DENNIS WILSON'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Pennsylvania National Mutual Casualty Insurance Company (hereinafter, "Penn National"), and in response to Defendant Dennis Wilson's Entry of Appearance and Motion to Dismiss, states the following:

1. Defendant, Dennis Wilson, takes the position Plaintiff has failed to effectuate service upon him in accordance with Rule 4(e) Fed. R. Civ. P. even though, admittedly, plaintiff attempted to effectuate service upon said party by serving his attorney, Joseph A. Morris, who represents Dennis Wilson in the underlying lawsuit pending on behalf of Mr. Wilson in the Circuit Court of Houston County. There is no contention made by Wilson that Attorney Morris is not his attorney at law representing him in pending litigation relevant to the proceedings made the basis of this Declaratory Judgment Action. No contention is made that Attorney Morris did not receive service of process on behalf of his client, or that his client has not been made aware of these proceedings against him by virtue of service of

          the Summons and Complaint upon his attorney. Rather, the only factual allegations supporting Wilson's Motion is a statement by his attorney that his office was not authorized to accept service on behalf of his client.

2.     For that it is undisputed Attorney Morris is empowered to represent his client as his attorney. As such, Attorney Morris has been appointed agent for Wilson for the purposes of pursuing litigation on his behalf. Under Rule 4(e), Fed. R. Civ. P., service upon an individual may be obtained by delivering a copy of the Summons and Complaint to the individual personally or by leaving copies at an individual's dwelling house or usual place of abode with some person of suitable age and discretion. Surely, delivering a copy of the Summons and Complaint to the attorney for the named party satisfies the notice requirements of Rule 4(e), Fed. R. Civ. P.

3.     Under Rule 4(d), Fed. R. Civ. P., a plaintiff may notify a defendant of the commencement of an action and request the defendant waive service. Said procedure is encouraged and, in fact, if waiver is refused, a defendant shall be imposed the cost of subsequently incurred expenses in effectuating service. In this instance, defendant Wilson takes the position he not only will not accept service by Waiver, but refuses to acknowledge the effectiveness of service upon his attorney as giving him notice of the allegations contained in this Declaratory Judgment action. In essence, defendant Wilson is asking this Court to relieve him of the obligation of defending the allegations in this pending suit even though he has knowledge of the proceedings and allegations, and his lawfully appointed attorney was formally serviced with the Complaint stating the allegations.

4. For that defendant Wilson has appointed Attorney Morris his agent to accept service of pleadings. Rule 5, Alabama Rules of Civil Procedure, states that every Order or pleading, or other written notice, required to be served upon a party shall be served upon the attorney for said party. Accordingly, in the pending underlying state court action, Wilson has appointed Morris his attorney for service of pleadings and other legal notices. Defendant Wilson should not now be allowed to take the position service of the Summons and Complaint in this case upon his attorney is ineffectual to give this Court jurisdiction over him in this matter. Certainly, the notice requirements of the Federal Rules of Civil Procedure have been met by plaintiff serving defendant Wilson by and through his attorney of record.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny Defendant Dennis Wilson's Motion to Dismiss the Complaint on the basis he was improperly served with service of process.

Dated this 11th day of November, 2005.

Respectfully submitted,

s/ Bert P. Taylor

_____
Bert P. Taylor

**OF COUNSEL FOR PLAINTIFF:**
**PENNSYLVANIA MUTUAL**
**CASUALTY INSURANCE COMPANY**
TAYLOR RITTER, P.C.
P.O. Box 489
Orange Beach, AL 36561
Phone: 251-981-8430
Fax: 251-981-8425

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a true and correct copy of the above pleading on all counsel and/or parties listed below by placing a copy in the United States Mail and placing proper postage upon same:

Joseph A. Morris, Esq.
Morris, Carey, Andrews, Talmadge & Jones
P. O. Box 1649
Dothan, AL 36302

Richard H. Ramsey, III, Esq.
Ramsey Court
400 W. Adams Street, Ste. 1
Dothan, AL 36303

                                  s/ Bert P. Taylor

                                  _____
                                  Of Counsel