IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA        RECEIVED

| | |
|---|---|
| PENNSYLVANIA NATIOANL MUTUAL | ) |
| CASUALTY INSURANCE CO., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) Case Number: 1:05 CV 951-T |
| | ) |
| G&S CUSTOM COVERS, INC., | ) |
| KYM INDUSTRIES, AND DENNIS WILSON | ) |
| | ) |
| DEFENDANTS. | ) |

2006 JUN 15  A 10: 08

U.S. DISTRICT COURT
[M]IDDLE DIST. ALA.

## DEFENDANTS' REPSONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW KYM's Industries Inc, and Dennis Wilson, Defendants, by and through their undersigned respective Counsel of record, and responds to Plaintiff's Summary Judgment on the basis that there is a genuine dispute as to certain material facts, and that Penn National is not entitled to a judgment as a matter of law.

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

It is correct that on or about October 14, 2005, Penn national did file a complaint for Declaratory Judgment, attempting to determine whether Penn Mutual was responsible to defend a state lawsuit filed in the Circuit Court of Houston County by one Dennis Wilson. Penn Mutual had in fact issued an insurance policy provided for commercial general liability coverage to G&S Custom Covers, Inc. This policy was generally renewed for several years and the last policy renewed by Penn National insured KYM for the policy periods of 11/23/03 through 11/23/04, and 11/23/04 through 11/23/05. It is correct that the coverage of both policies, from a commercial general liability standpoint, are identical.

Plaintiff's citations of exclusions for body injury and termination of a person's employment are not related to the present suit pending.

In fact, the Circuit Court case in question, CV 2004-817-L, contains three counts; (1) Intentional fraudulent transfer, (2) Constructive fraudulent transfer, and (3) the piercing of a corporate veil of KYM Industries, Inc. Such complaint asks for damages in an amount to be determined by a jury for the fore-described damages.

## ARGUMENT

The Plaintiff correctly states that the coverage provided by it's policy would pay such claims that the insured became legally obligated to pay for "bodily injury" or "property damage"; and acknowledges that they would be liable to body injury or property damages if same took place in the cover territory and during the policy period. Plaintiff's reference to bodily injury does not apply to termination of a person's employment, has no relevancy to the State Court Complaint that it is merely seeking damages to be awarded by a jury if it included liability on the Defendant's part.

Plaintiff concedes that in the instant case there is no dispute that the policy was in affect at the time of the actions at issue, nor that KYM was insured under the policy. There are no facts or allegations contending that any act of KYM arose against Wilson, in that he was never an employee of KYM. To the contrary, Plaintiff acknowledges that all actions are immediately germane to Wilson's former employment with G&S. In as much Wilson was never employed by KYM, this should have no relevancy of the responsibility of Plaintiff to defend KYM.

## CONCLUSION

Plaintiff concedes that it is undisputed that Penn National issued insurance policies covering KYM. It is also undisputed that their policies were in affect at the time of injury of Wilson, who was never employed by KYM. Therefore, under these policies, Penn National does in fact have a duty or obligation to defend or indemnify KYM. Plaintiff makes bold statements that it has no obligation to G&S, which might or might

not be correct. However, Wilson never having been an employee of KYM, there is in fact a genuine issue as to the liability of KYM in the present state action.

Date this the **13**th day of June, 2006.

_____
Richard H. Ramsey, III
256 Honeysuckle Road, Suite 26
Dothan, Alabama 36305
(334) 794-4154 FAX (334) 794-2841

_____
Joseph A. Morris
P.O. Box 1649
3334 Ross Clark Circle
Dothan, Alabama 36302
(334) 792-1420 FAX (334) 673-0077

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing upon Bert Taylor, P.C. P.O. Box 489, Orange Beach, Alabama 36561; T. Samuel Duck, PC, Suite 1500 AmSouth Harbert Plaza, 1901 Sixth Avenue North, Birmingham, Alabama 35203-2618, by placing a copy of same, in the United States Mail, postage prepaid, properly addressed on this the _____ day of June, 2006.

_____
Of Counsel